IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-MC-1-M-BM

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF NOVO NORDISK A/S, FOR *EX PARTE* ORDER PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | **ORDER ON APPLICATION OF NOVO NORDISK A/S FOR AN *EX PARTE* ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

This matter comes before the court on the application of Novo Nordisk A/S ("Novo") for an order, pursuant to 28 U.S.C. § 1782, [DE-1] (the "28 U.S.C. § 1782 application") permitting Novo to request that testimony be given and documents produced, by Dr. James McCabe ("Dr. McCabe"), for use in pending proceedings in Singapore (the "Singapore proceedings") and the Cayman Islands (the "Cayman proceedings") (together, the "foreign court proceedings"). Novo has filed a motion [DE-7], with a memorandum in support thereof [DE-8], requesting expedited consideration of its 28 U.S.C. § 1782 application [DE-1].

For the reasons provided below, the court GRANTS Novo's 28 U.S.C. § 1782 application [DE-1].

## **BACKGROUND**

Novo is a pharmaceutical company headquartered in Bagsværd, Denmark. [DE-1-1] at ¶2; [DE-2] at 2. On October 20, 2023, Novo entered into an asset purchase agreement ("APA") with KBP Biosciences Pte. Ltd. ("KBP"), in which Novo acquired from KBP, *inter alia*, the rights to a drug known as Ocedurenone for approximately $800 million. [DE-2] at 2. Prior to the execution of the APA, KBP made certain representations to Novo related to the safety and efficacy of Ocedurenone in a Phase 2 study in treating patients with uncontrolled hypertension across subgroups, including geographical region. *Id.* at 2-3. Novo alleges that after the APA was

executed, it learned that the positive Phase 2 results were disproportionately related to anomalous results at a single clinical trial site in Bulgaria that showed a treatment effect not observed at any of the 61 other sites in the study. *Id.* at 3. Novo further alleges that KBP was aware of the Bulgarian site's role in these anomalous results and shared information revealing this relationship with another potential buyer, though not with Novo. *Id.*

Based on these discoveries, Novo commenced legal action in Singapore and the Cayman Islands seeking worldwide freezing orders against KBP and KBP Biosciences Holdings Limited ("KBP Cayman"), respectively.[1] *Id.* at 5. The worldwide freezing orders seek to prevent KBP from dissipating its assets to limit the enforcement of an award, if any, that Novo receives in an international arbitration case it intends to file. *Id.* The Singapore and Cayman Islands courts (the "foreign tribunals") have issued worldwide freezing orders, as requested. *Id.* Novo asks for expedited consideration of its application because KBP submitted an application to set aside the freezing order in the Singapore court. [DE-7-1] at 2.

Novo represents that Dr. James McCabe resides within this district in Wilmington, North Carolina. [DE-2] at 3. Based on Dr. McCabe's LinkedIn page, KBP employed him from approximately August 2019 to November 2024, with his final role being that of Chief Medical Officer. *See* [DE-1-9]. Novo alleges that "Dr. McCabe oversaw the clinical trial sites, including the Bulgaria site, and participated in meetings for the trial." [DE-2] at 4. In June 2020, Dr. McCabe allegedly sent a letter raising data integrity and data entry concerns related to the conduct of the trials at the Bulgaria site. *Id.* Novo notes that KBP never shared these concerns with Novo. *Id.*

---

[1] The proceedings in the Cayman Islands are against KBP's parent company, KBP Cayman. *See* [DE-2] at 5.

## APPLICABLE LEGAL PRINCIPLES

Section 1782(a) allows, but does not require, a district court to order discovery of non-privileged matters for use in a foreign tribunal when certain requirements are satisfied. *See* 28 U.S. Code § 1782(a); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255, 124 S. Ct. 2466, 2478, 159 L. Ed. 2d 355 (2004).

The Fourth Circuit notes four mandatory requirements for the issuing of an order under the statute:

> (1) The application must be made to the "district court for the district in which the person resides or is found"; (2) the application must come from "an interested person" or a foreign tribunal; (3) the application must seek evidence, including "testimony" or "a document"; and (4) the evidence sought by the application must be "for use in a proceeding in a foreign or international tribunal."

*In re Newbrook Shipping Corp.*, 31 F.4th 889, 894 (4th Cir. 2022) (quoting 28 U.S. Code § 1782(a)).

The Fourth Circuit also highlighted four factors based on the Supreme Court's discussion in *Intel* that guide the court's broad discretion in the issuance of an order under § 1782(a) (the "*Intel* discretionary factors" or "*Intel* factors"):

> (1) the involvement of "the person from whom discovery is sought" in the foreign proceeding, (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance," (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed."

*In re Newbrook Shipping Corp.*, 31 F.4th at 896 (quoting *Intel*, 542 U.S. at 264–65, 124 S.Ct. 2466); *see also In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 930 (4th Cir. 2025) (same).

**DISCUSSION**

As Novo acknowledges, the instant application was filed *ex parte*. [DE-1] at 1. Novo cites to an order from the District Court of the Northern District of California, *see* [DE-1-13], *In re Ex Parte Application of Novo Nordiskais*, No. 3:25-mc-80067-JSC (N.D. Cal. Mar. 17, 2025), as an instructive precedent for the instant case. *Id.* While the California application was also filed *ex parte*, Novo affirmatively represented in that case that the target did not object to the discovery. *See In re Ex Parte Application of NOVONORDISKAIS*, [DE-1-13] at 3. Novo makes no such representation here. *See* [DE-2] at 10 (expressly requesting the order be granted *ex parte* based on "the target having a chance to later challenge the discovery order.") (quoting *In re Newbrook Shipping Corp.*, 31 F.4th at 892).

While § 1782 applications are often decided *ex parte*, the resulting discovery orders are often specified to be without prejudice to the target later challenging the discovery order. *See In re Newbrook Shipping Corp.*, 31 F.4th at 892 (4th Cir. 2022) (citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012)). Accordingly, the court makes the below findings solely based on the current record before it and without prejudice to the ability of Dr. McCabe to petition the court to modify or quash the subpoena, based on contradictory or additional evidence, privilege or otherwise, in accordance with applicable law, including the Federal Rules of Civil Procedure and the Local Civil Rules of this court.

Applying the statutory and discretionary factors to the instant case, the court finds that an order under § 1782(a) is appropriate based on the facts and circumstances currently before the court. First, as noted above, Novo includes a print-out of Dr. McCabe's LinkedIn page indicating that he is located in Wilmington, North Carolina, which is a city in this district. [DE-1-9] at 2. Novo also includes an affidavit from its attorney that the print-out of Dr. McCabe's LinkedIn page

4

is a true and accurate copy of such page when it was last accessed on March 18, 2025. [DE-1-10] at 2. Accordingly, the court finds for purposes of the instant order that Dr. McCabe currently resides or is found in this district.

Second, Novo is a party to the foreign court proceedings by virtue of its application for the worldwide freezing order in each of the foreign court proceedings. *See* [DE-2] at 5.

Third, the application is seeking the testimony of and documents from Dr. McCabe, which are categories of discovery expressly permitted by the statute. *See* [DE-1] at 1; *see also* 28 U.S. Code § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248, 124 S. Ct. 2466, 2474, 159 L. Ed. 2d 355.

Fourth, Novo contends that the testimony will support its position that "the worldwide freezing orders should not be set aside because there is a good arguable case of fraud and/or a serious issue to be tried with respect to fraud, and there is a risk that the KBP [d]efendants will dissipate their assets." [DE-2] at 7. The court finds that the litigation surrounding the worldwide freezing order is proceeding sufficient to satisfy the "for use" requirement. *See* [DE-1-13] at 3-4 *In re Ex Parte Application of Novo Nordiskais*, No. 3:25-mc-80067-JSC (N.D. Cal. Mar. 17, 2025) (considering the same Singapore and Cayman worldwide freezing orders to satisfy the requirements of § 1782); *HRC-Hainan Holding Co. v. Yihan Hu*, No.19-mc-80277-TSH, 2020 WL 906719, at *8-9 (N.D. Cal. Feb. 25, 2020) (court action to preserve assets for arbitration award met "for use" requirement); *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 266-67 (S.D.N.Y. 2021) (granting discovery when it was for use to amend and enforce existing freezing orders). As the information sought from Dr. McCabe appears to be foundational to the matters in dispute, including the propriety of a worldwide freezing order, the court finds "a reasonable possibility that

the evidence sought 'will be employed with some advantage or serve some use in the proceeding.'" *Id.* (quoting *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)).

Accordingly, the court finds that the instant application satisfies the four § 1782 mandatory factors. This finding alone does not end the court's analysis. "[E]ven where these four statutory conditions are satisfied, the district court retains discretion in granting or denying these orders." *Id.* at 896 (citing *Intel*, 542 U.S. at 247, 124 S.Ct. 2466).

With respect to the *Intel* discretionary factors, the court makes the following findings. First, the Supreme Court found that the need for § 1782(a) aid is more apparent when evidence is sought from a nonparticipant in the matter arising abroad than when it relates to a party. *See Intel*, 542 U.S. at 264, 124 S. Ct. at 2483. Despite being a former employee of KBP, there is no evidence that Dr. McCabe is currently a party to the foreign proceedings. *See* [DE-1-1] at ¶15 (affidavit of Novo's Singapore counsel attesting that Dr. McCabe is not a party to the Singapore proceedings); [DE-1-5] at ¶15 (affidavit of Novo's Cayman counsel attesting that Dr. McCabe is not a party to the Cayman proceedings); *see also* [DE-1-9] at 2 (print-out of Dr. McCabe's LinkedIn page indicating that he is no longer employed by KBP). Accordingly, the first discretionary factor weighs towards granting the order based on the current record before the court.

With respect to the second *Intel* factor, Novo includes two affidavits indicating that the foreign tribunals would not view this court's issuance of a subpoena as representing a violation of comity or policy in their respective jurisdictions and are in fact receptive to relevant evidence lawfully obtained in other jurisdictions, including the United States. *See* [DE-1-1] at ¶¶17-18 (with respect to Singapore); [DE-1-5] at ¶¶17-18 (with respect to the Cayman Islands). The court notes that other courts in the United States have allowed § 1782 applications related to proceedings in Singapore and the Cayman Islands. *See In re Third Eye Cap. Corp.*, No. CV 22-963 (MAH), 2022

6

WL 714758, at *3 (D.N.J. Mar. 10, 2022) (granting discovery "for use in [a] Singapore Action"); *In re Application of Temp. Servs. Ins. Ltd.*, No. 09-mc-48S, 2009 WL 2843258, at *2 (W.D.N.Y. Aug. 28, 2009) (granting discovery for "proceeding . . . pending in the Cayman Islands"). Accordingly, the court finds the evidence in the current record supports the second *Intel* factor.

On the third *Intel* factor, the affidavits included in support of Novo's application both attest that Novo is not circumventing any established law or policy in the foreign tribunals through the instant application. *See* [DE-1-1] at ¶19; [DE-1-5] at ¶19. The court is not aware of any evidence to the contrary. Accordingly, at the instant juncture, the court finds that this discretionary factor weighs in favor of granting the application.

With respect to the final *Intel* factor, Novo represents that it seeks:

> narrow categories of documents and related testimony regarding: KBP's selection and oversight of the Bulgaria Site during the Phase 2 and Phase 3 studies . . . ; analyses of interim and final results from the studies . . . ; information shared with Otsuka and other potential transaction partners but withheld from Novo during due diligence for Ocedurenone . . . ; and [KBP Cayman's founder's] involvement in the clinical trials or due diligence with potential transaction partners . . .

[DE-2] at 9-10.

Based on the court's review of the proposed subpoenas ([DE-1-11]; [DE-1-12]), the court concludes, for purposes of the current stage of the proceedings and without prejudice to any objections to the subpoenas, that the subpoenas are neither unduly intrusive nor burdensome.

As noted above, the court's analysis of the above questions is inherently limited by the *ex parte* nature of the current proceedings. Accordingly, as noted above, Dr. McCabe may make a motion to modify or quash the subpoenas or otherwise seek relief, in accordance with applicable law, including the Federal Rules of Civil Procedure and the Local Civil Rules of this court.

## CONCLUSION

For the reasons provided above, Novo's 28 U.S.C. § 1782 application [DE-1] is GRANTED. Novo is permitted to issue and serve its proposed subpoenas to Dr. McCabe. In light of the instant order, Novo's motion for expedited consideration [DE-7] of its 28 U.S.C. § 1782 application is DENIED AS MOOT.

SO ORDERED, this 2nd day of April, 2025.

Brian S. Meyers
United States Magistrate Judge