IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-MC-1-M-BM

| | |
|---|---|
| IN RE: )<br>)<br>APPLICATION OF NOVO NORDISK A/S, )<br>FOR *EX PARTE* ORDER PERMITTING )<br>DISCOVERY FOR USE IN FOREIGN )<br>PROCEEDINGS ) | **ORDER** |

On April 2, 2025, the court granted the 28 U.S.C. § 1782 application [DE-1] of Novo Nordisk A/S ("Novo") and permitted Novo to request discovery from James McCabe, M.D. ("Dr. McCabe") in support of foreign proceedings pending in Singapore and the Cayman Islands. [DE-9]. Dr. McCabe subsequently filed a motion to quash Novo's deposition subpoena [DE-20] ("motion to quash"), to which Novo responded in opposition [DE-23].

This matter is now before the court on the motion by Novo to expedite ("motion to expedite") [DE-24] consideration of Dr. McCabe's motion to quash in advance of a hearing set before the Singapore court on May 23, 2025. Intervenor KBP Biosciences Pte. Ltd. ("KBP") filed a response in opposition to the motion to expedite. [DE-27]. Novo filed a motion for leave to file a reply brief in support of its motion to expedite [DE-28], which the court granted (*see* Text Order May 14, 2025).

On May 13, 2025, KBP filed a motion to vacate ("motion to vacate") [DE-30] the court's April 2, 2025 order granting Novo's § 1782 application and to quash the subpoenas served on Dr. McCabe. This matter is also now before the court on Novo's motion to strike ("motion to strike") [DE-36] KBP's memorandum [DE-31] in support of its motion to vacate or, in the alternative, to enlarge the word limitation for Novo's response. KBP filed a response in opposition to the motion to strike [DE-38].

In light of the substantive and timing considerations raised in the parties' respective motions and responses and pursuant to the court's discretion, (i) Novo's motion to expedite [DE-24] is GRANTED IN PART and DENIED IN PART, as specified below; and (ii) Novo's motion to strike [DE-36] is GRANTED IN PART and DENIED IN PART, as specified below. Accordingly, the court orders as follows:

1. **Motion to strike [DE-36]**

    a. Novo's request to strike KBP's memorandum in support of its motion to vacate is DENIED; and

    b. Novo's request to enlarge the word limitation for its response to KBP's motion to vacate is GRANTED. Novo's response to KBP's motion to vacate may be up to, but shall not exceed, 30 pages or 8400 words as detailed in Local Civil Rule 7.2(f)(2)-(3).

2. **Responses to KBP's motion to vacate [DE-30] and motion to seal [DE-33]**

    a. Novo is DIRECTED to file its responses, if any, to (i) KBP's motion to vacate [DE-30] and (ii) KBP's motion to seal [DE-33] no later than May 17, 2025. No replies will be permitted.

3. **Telephonic hearing**

    a  Counsel for Novo, KBP, and Dr. McCabe, respectively, are DIRECTED to attend a telephonic hearing before the undersigned **10:00 a.m. on May 19, 2025**, to address the following motions:

    i. Dr. McCabe's motion to quash [DE-20];

    ii. KBP's motion to vacate [DE-30]; and

    iii. KBP's motion to seal [DE-33].

b. The parties are directed use the dial-in information to be provided separately by the Deputy Clerk of Court.

c. At the telephonic hearing, counsel for the parties shall be prepared to provide (i) updates on the current status of, and (ii) argument with respect to, any remaining disputes between the parties.

d. At the telephonic hearing, the parties are DIRECTED to provide an agreed potential time for Dr. McCabe's deposition on May 20, 2025 or May 21, 2025, in the event the court denies the pending motion to quash [DE-20] and motion to vacate [DE-30], and the deposition of Dr. McCabe proceeds.

4. **Directives prior to telephonic hearing**

    a. Prior to the telephonic hearing, counsel for the parties are DIRECTED to meet and confer in-person, by telephone, or by video-conference, in an effort to resolve all pending disputes between the parties without court intervention, irrespective of any prior conferral regarding such matters.

    b. Prior to the telephonic hearing, the parties are DIRECTED to (i) submit directly to the chambers of the undersigned magistrate judge by e-mail to Documents_USMJ_Meyers@nced.uscourts.gov[1] a draft joint proposed protective order that addresses any confidentiality concerns that a deposition of Dr. McCabe would raise for use in the event that the court denies the pending motion to quash [DE-20] and motion to vacate [DE-30] and the deposition of Dr. McCabe proceeds; or (ii) in the event the parties are unable to agree on a draft joint proposed protective order, submit separate draft proposed protective orders addressing the

---

[1] This is a receipt-only email address and should not be used for any other correspondence with the court.

confidentiality concerns noted above to the email above, clearly highlighting the specific areas of disagreement between the relevant parties.[2]

5. **Further relief with respect to Novo's motion to expedite [DE-24]**

   a. Any other relief requested by Novo's motion to expedite [DE-24] that is not detailed above is DENIED.

SO ORDERED, this 15th day of May, 2025.

                                                      Brian S. Meyers
                                                      United States Magistrate Judge

---

[2] Nothing in the instant order shall be construed as a ruling on (i) Dr. McCabe's motion to quash [DE-20]; (ii) KBP's motion to vacate [DE-30]; or (iii) KBP's motion to seal [DE-33], nor shall any draft proposed protective order submitted by email be construed as having any independent legal significance. Rather, the directives herein with respect to such matters are intended to facilitate the efficient and timely administration of justice in the event that the court's future rulings require such timely action.